**E-Filed 6/20/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SONICBLUE INC., *et al.*, <br><br> Defendants. | Case Number C 07-4185 <br><br> ORDER[1] GRANTING DEFENDANT'S MOTION TO WITHDRAW REFERENCE <br><br> [re: docket no. 1] |

## I. BACKGROUND

The instant action arises from a dispute between the Directors and Officers of SONICblue Inc., ("SONICblue") and that company's creditors.  In 1996, SONICblue privately placed $103 million in convertible long-term debt with a group of investors ("the bondholders").  By early 2002, SONICblue was in serious financial trouble, and in April of that year it privately placed $75 million in new secured senior subordinated convertible debentures due in 2005.  The 2002 debt placement did not relieve SONICblue's financial problems, and on March 24, 2003, the

---

[1] This disposition is not designated for publication and may not be cited.

1  company entered bankruptcy.  The bondholders were never repaid.  On April 21, 2005, the

2  bondholders brought an action for breach of fiduciary duty and constructive fraud ("the

3  underlying actions") against SONICblue's former Directors and Officers ("the D&O

4  Defendants") in the Santa Clara Superior Court.  On June 14, 2005, the D&O Defendants

5  removed the underlying action to the United States Bankruptcy Court, asserting that it should be

6  heard as an adversary proceeding in SONICblue's pending Chapter 11 bankruptcy case.  In the

7  notice of removal, D&O Defendants argued that:

> The factual and legal issues underlying this case are related to the factual and legal
> issues to be adjudicated in the SONICblue Bankruptcy Action because (1)
> SONICblue may owe contribution and/or indemnification to some or all of the
> [D&O Defendants] in the event a judgment is rendered in favor of the
> [bondholder plaintiffs] in this action; (2) SONICblue's assets include director and
> officer insurance policies that were written in part to cover the actions of certain
> of the [D&O] defendants who were SONICblue directors and/or officers; and (3)
> this claim is a thinly veiled effort by [the bondholder plaintiffs], former
> SONICblue bondholders, to seek recovery for claims against the SONICblue
> estate.

Plaintiff's Opposition to Defendant's Motion to Withdraw Reference to the Bankruptcy Court

("Opposition"), Exhibit 3 at ¶ 3.

Following removal, the D&O Defendants tendered the underlying action to Admiral

Insurance Company ("Admiral") for defense and indemnity under liability policies issued by

Admiral to SONICblue.  On December 23, 2005, Admiral responded by filing the instant

coverage action against SONICblue and the D&O Defendants as an adversary proceeding in the

SONICblue bankruptcy case.[2]  Admiral seeks a declaration that it has no duty to defend or

indemnify the D&O Defendants in the underlying action because: (1) the claim predates the

inception of the policy; (2) D&O Defendants made material misrepresentations in their policy

application; (3) the known loss doctrine precludes coverage; and (4) notice of the claim was not

timely.  *Id*.  In its complaint, Admiral asserts that the bankruptcy court had jurisdiction pursuant

to 28 U.S.C. §§ 1334(b), 157(a) & (c) and 1367 because the adversary proceeding is related to

---

[2] Old Republic Insurance Company was also a named plaintiff in the coverage action.
Old Republic Insurance Company was dismissed from the coverage action without prejudice
pursuant to court order entered on July 12, 2007.

Case No. C 07-4185
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW  REFERENCE
(JFLC1)

1  the Chapter 11 case.  Admiral also asserted "[this] adversary proceeding is *not* a core proceeding

2  under 28 U.S.C. § 157.  Admiral . . . respectfully decline[s] to consent to the entry of final orders

3  and judgment by the Bankruptcy Court [and] . . . reserve[s] [its] right[] to seek a withdrawal of

4  any reference of this adversary proceeding to the District Court."  *Id*. at ¶10.

5       D&O Defendants filed separate answers to Admiral's complaint, each answering

6  Admiral's jurisdictional allegations by stating "no response is required."  Opposition, Exhibit 6

7  at ¶¶ 9-10, Exhibit 7 at ¶¶ 9-10, Exhibit 8 at ¶¶ 9-10.  Each of the D&O Defendants also asserted

8  counterclaims.  In connection with their counterclaims, the D&O Defendants proceeded as

9  follows: Defendant Todd did not demand a jury trial and was silent on the issue of consent to the

10  entry of final orders and judgment by the bankruptcy court, Exhibit 6; Defendants Smith, Holdt,

11  Esber, Lee, and Scharaith demanded a jury trial and consented to having the adversary

12  proceeding heard by the bankruptcy court, Exhibit 10 at ¶¶ 4-5; Defendant Potashner demanded a

13  jury trial but was silent as to whether he would  consent to trial in the bankruptcy court.  Exhibit

14  11 at ¶ 9.  Admiral acknowledged the jury trial demand and consent to trial by the bankruptcy

15  court filed by Smith, Holdt, Esber, Lee and Schriath, Exhibit 15 at ¶ 5, but did not respond to

16  Potashner's jury trial demand.  Exhibit 16 at 16-17.

17       On March 14, 2007, the underlying action was settled.  The settlement agreement

18  provides:

19       the bondholder plaintiffs will recover a settlement amount only to the extent that
      coverage exits.  Further, the plaintiff bondholders have received an assignment of
20    the officer and director defendants' policy rights in settlement.  Thus, the
      bondholder plaintiffs are now the real parties in interest to the outcome of [the]
21    declaratory relief coverage action. Accordingly, the settlement provides that the
      bondholder plaintiffs will substitute into this action as defendants and as counter-
22    claimants in place and instead of the officer and director defendants.

23  Exhibit 2 at ¶ 24.  On August 15, 2007, the substituted Defendants and Counterclaimants[3]

24  ("Moving Defendants") moved to withdraw the coverage action from the bankruptcy court.

25 ─────────────────

26       [3] The Motion to Withdraw Reference names the following substituted defendants and
   counterclaimants: PIF High Yield Fund II, formerly known as WM Trust High Yield Fund; PIF
27  Income Fund, formerly known as WM Trust Income Fund; PVC Income Account, formerly
   known as WM variable Trust Income Fund; Tonga Partners, L.P.; Anegada Master Fund, Ltd.;
28  Cuttyhuck Fund, Ltd.; Cannell Capital, L.L.C.; and Nebo Investment Fund.

Case No. C 07-4185
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW  REFERENCE
(JFLC1)

1   Admiral opposes the motion.

2                              **II.  LEGAL STANDARD**

3          Under 28 U.S.C. § 157, bankruptcy courts have jurisdiction to enter appropriate orders

4   and judgments in "core proceedings," and may issue proposed findings of fact and conclusions of

5   law in "non-core" proceedings.  The district court reviews *de novo* all "non-core proceedings,"

6   which are defined as those actions which do not depend on bankruptcy laws for their existence

7   and could proceed in another court.  *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers,*

8   *Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).  "The district court may

9   withdraw, in whole or in part, [a dispute being heard in bankruptcy court] on its own motion of

10  any party, for cause shown."  28 U.S.C. § 157(d).  "In determining whether cause exists, a district

11  court should consider the efficient use of judicial resources, delay and costs to the parties,

12  uniformity of bankruptcy administration, the prevention of forum shopping, and other related

13  factors."  *Sec. Farms*, 12 F.3d at 1008.  Whether the claim is core or non-core "is not dispositive

14  of the motion to withdraw, but is merely a factor to consider."  *In re Daewoo Motor Am., Inc. v.*

15  *Gulf Ins. Co.*, 302 B.R. 308, 310 (C.D. Cal. 2003).

16                              **III.  DISCUSSION**

17         The parties agree that the coverage action is a non-core proceeding.  Moving Defendants

18  argue that withdrawal is proper because the action involves state law claims rather than issues or

19  concepts peculiar to bankruptcy, and that withdrawal will promote judicial economy.  Admiral

20  contends that the case should remain in the bankruptcy court because it is closely related to the

21  Chapter 11 proceeding and also because the Moving Defendants have consented to the

22  bankruptcy court's jurisdiction by stepping into the shoes of the D&O Defendants.

23         Courts in this jurisdiction have recognized that where non-core issues predominate

24  judicial efficiency is served by withdrawal.  *See Sec. Farms*, 124 F.3d 999 at 1088-09; *In re*

25  *Oakview Terrace*, 1994 WL 28031 (N.D. Cal. 1994); *In re Transcom Lines*, 121 B.R. 837, 838-

26  39 (C.D. Cal. 1990).  Admiral argues that the instant request for withdrawal should be denied

27  notwithstanding this authority because the question of whether Admiral is liable for coverage in

28  connection with the underlying dispute is closely tied to the issues surrounding the bankruptcy

                                          4

1   estate.  Admiral cites only one pertinent case to support its argument.[4]  *In re Minoco Group of*

2   *Cos.*, 799 F.2d 517 (9th Cir. 1986), involved a dispute between Minoco, a Chapter 11 debtor and

3   its insurer.  Two months after Minoco filed a voluntary petition for reorganization under Chapter

4   11, the insurers gave notice of cancellation of the policies.  In response, Minoco filed suit in the

5   bankruptcy court seeking a judicial declaration that under the Bankruptcy Code, cancellation was

6   automatically stayed.  The Court held that because the policies were property of the estate,

7   Minoco was entitled to a stay pursuant to Section 362(a)(3), which provides that the filing of a

8   bankruptcy petition operates as a stay of "any act to obtain property of the estate or of property

9   from the estate or to exercise control over the property of the estate."   While *Minoco* is

10  instructive insofar as it recognizes that efficient management of a bankruptcy estate may require

11  resolution of insurance coverage disputes, it stops short of providing direct support for Admiral's

12  contention that withdrawal may be denied on this ground.

13      Admiral also argues that the instant case should not be removed from the bankruptcy

14  court because all of the D & O Defendants consented to the bankruptcy court's jurisdiction over

15  the coverage dispute.[5]  The Moving Defendants assert that such consent is insufficient because §

16  157(c)(2) requires unanimous consent and neither Admiral nor the Moving Defendants have

17  consented.

18      As noted by the Moving Defendants, Section 157(c)(2) requires unanimous consent by all

19  parties for the entry of final orders and judgments by the bankruptcy court in non-core

20  proceedings.  In its complaint, Admiral unequivocally stated that it "decline[s] to consent to the

21

22      [4]  Admiral cites *Prudential Lines, Inc. v. Am. Steamship Owners Mutual Protection &*

23  *Indemnity Assoc., Inc.*, 170 B.R. 222 (S.D.N.Y. 1994), and *Fed. Ins. Co. v. Sheldon*, 167 B.R. 15
    (S.D.N.Y. 1994).  These cases hold that where the matter is closely related to a bankruptcy action

24  judicial economy is served by reference of the matter to the bankruptcy court.  While these cases
    address the issue involved in the instant action, they are not controlling.  Admiral has not

25  identified any such authority within this jurisdiction.

26      [5]  Admiral also claims that the Moving Defendants expressly consented to the bankruptcy

27  court's jurisdiction.  In support of its position, Admiral cites language in the notice of removal
    removing the underlying action from the Santa Clara Superior Court to the bankruptcy court.

28  However, that notice of removal was filed in the underlying action, not the coverage action.

5

entry of judgment by the Bankruptcy Court." Duff Decl., Exh. 4 ¶ 10.  Admiral has never changed its position by filing an express consent.  Moreover, in their responsive pleadings in this action, two of the seven D&O Defendants declined to consent.  The bondholders then substituted into the case, withdrew the consent of the other five D&O Defendants and expressly declined to consent.  At no time has the requisite unanimous consent been in place.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to withdraw is GRANTED.

DATED: June 20, 2008.

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-4185
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW  REFERENCE
(JFLC1)

This Order has been served upon the following persons:

Louis Harrison Castoria          louis.castoria@wiolsonesler.com

Joanne Madden          joanne.madden@wilsonesler.com

Reina Grace Minoya          minoyar@wemed.com

Kerry L. Duffy          kduffy@bztm.com

Glenn Philip Zwang          gzwang@bztm.com

Michael David Abraham          mabraham@bztm.com

Robert H. Bunzel          rbunzel@bztm.com

Case No. C 07-4185
ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW  REFERENCE
(JFLC1)