**E-Filed 4/1/2010**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY and OLD REPUBLIC INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SONICBLUE, INC., PIF high Yield Fund II, formerly known as WM Trust High Yield Fund; PIF Income Fund, formerly known as WM Trust Income Fund; PVC Income Account, formerly known as WM Variable Trust Income Fund; Tonga Partners, L.P.; Anegada Master Fund; Ltd.; Cuttyhunk Fund, Ltd.; Cannell Capital, L.L.C.; and Nebo Investment Fund,<br><br>Defendants and Counter-Claimants. | Case Number C07-4185 JF<br><br>ORDER[1] RE APPROPRIATE REMEDY |

On August 14, 2009, the Court granted summary judgment as to the claim for rescission brought by Plaintiff Admiral Insurance Company.[2] At a case management conference on October 30, 2009, Defendants and Counter-claimants PIF High Yield Fund II, formerly known as WM

---

[1] This disposition is not designated for publication in the official reports.

[2] Plaintiff Old Republic Insurance Company was dismissed from the instant action on July 12, 2007.

Case No. C 07-4185
ORDER RE APPROPRIATE REMEDY
(JFLC3)

Trust High Yield Fund; PIF Income Fund, formerly known as WM Trust Income Fund; PVC Income Account, formerly known as WM Variable Trust Income Fund; Tonga Partners, L.P.; Anegada Master Fund, Ltd.; Cuttyhunk Fund, Ltd.; Cannell Capital, L.L.C.; and Nebo Investment Fund (collectively the "Bondholders") contended that the order granting summary judgment did not dispose of the question of whether reformation of the contract was a more appropriate remedy. The Court ordered the parties to submit additional briefing with respect to this issue. Having considered the parties' supplemental briefs, the Court holds explicitly that rescission rather than reformation is the appropriate remedy. Accordingly, judgment will be entered for Admiral.

## I. DISCUSSION

In granting summary judgment for Admiral, the Court found that Sonicblue concealed a letter dated November 14, 2002, in applying for the director and officer ("D&O") insurance policy at issue in the instant case. The Court noted that the letter "alleged a present breach by the D&O Defendants of their fiduciary duties and 'request[ed] that Sonic immediately cease all non-self sustaining operations, including any of the Consumer Electronic Businesses that do not operate on a stand alone basis.'" (Doc. No. 47 at 10 (quoting Compl. Ex. 8 at 5).) Although it rejected the notion that the letter constituted a "claim per se," the Court concluded that the letter was a "demand as contemplated by the policy application," and therefore was material.

In their supplemental brief, the Bondholders do not challenge the Court's conclusion that Sonicblue concealed material information from Admiral. Rather, they contend that it was reasonable for Sonicblue to construe the policy application as requiring it to report only actual but not "potential claims." They argue that because the Court found that the letter did not constitute an actual claim, "the appropriate remedy, if any, is to reform the policy to exclude the 2005 Noteholders' potential claim, since Admiral was willing to insure on that basis. Since reformation would not affect the outcome of the case, judgment should be entered for the Bondholders." (Doc. No. 63 at 5.) The Bondholders otherwise do not discuss the appropriateness of reformation. Instead, they devote the majority of their supplemental brief to

2

explaining why they believe that their interpretation of the reporting requirement was reasonable, even if it was mistaken.

Admiral contends that the Bondholders' brief "can only be described as a motion for reconsideration," and argues that the brief does not "identify any new evidence or law for th[e] Court to examine in order to 'reconsider' its prior ruling." (Doc. No. 66 at 1.) Admiral also argues that the Bondholders "do not explain why reformation is a more appropriate remedy than rescission and they offer no analysis whatsoever comparing these two remedies." (*Id.* at 2.) Admiral asserts that rescission is the only appropriate remedy, contending that "reformation would be appropriate in this case only if the contract between the parties can be changed to accurately express the intention of the parties" and here "[t]here is **no evidence** before the Court to support the kind of gerrymandered 'reformation' that the bondholders now suggest, that is, that both Admiral and Sonicblue mutually intended to exclude the 2005 bondholders' claims, but not the other, related claims that arose from the same alleged misappropriation of terms." (*Id.* at 3 (emphasis in original).) Admiral also challenges the Bondholders' standing to challenge the rescission remedy because "[n]either they, nor the former directors and officers of Sonicblue, were parties to the insurance contract between Admiral and Sonicblue." (Id. at 3.)

The Court agrees with Admiral that the Bondholders have provided no persuasive authority to support the conclusion that reformation would have been more appropriate than rescission in this case. As the Court observed in granting summary judgment, "When a policyholder conceals or misrepresents a material fact on an insurance application, the insurer is entitled to rescind the policy." *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1266 (Cal. Ct. App. 2007). The Bondholders have not shown that this statement of the law is erroneous, nor have they demonstrated in any way that Sonicblue's concealment of the November 14 letter was not material.

//
//
//

3

Case No. C 07-4185
ORDER RE APPROPRIATE REMEDY
(JFLC3)

## II.  CONCLUSION

Good cause therefor appearing, final judgment will be entered for Admiral.

IT IS SO ORDERED.

DATED: April 1, 2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 07-4185
ORDER RE APPROPRIATE REMEDY
(JFLC3)